Gupta / Beck   *Issues & Appeals*

April 1, 2015

John Ley, Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

Re:     14-14426, *Dana's Railroad Supply v. Bondi, Attorney General*

Dear Mr. Ley:

I write regarding the recent decision in *Italian Colors Restaurant v. Harris*, 14-cv-604 (E.D. Cal. March 26, 2015), which holds that California's no-surcharge law (indistinguishable from Florida's) violates the First Amendment and is void for vagueness. A copy is attached.

*First*, the court explained that the law "is not an economic regulation that controls what is charged or paid for something," but instead "regulates speech that conveys price information, which is protected by the First Amendment." *Id.* at *9. "[W]hat is regulated is how those prices are conveyed to customers, not the prices themselves." *Id.* "[T]he content of the retailers' speech must be scrutinized to determine if the price is framed as a permissible discount or an impermissible surcharge, making this a content-based restriction." *Id.* at *11.

Turning to *Central Hudson* scrutiny, the court was not persuaded by the state's faux-consumer-protection justifications: "While the Attorney General argues that surprise surcharges would be misleading to consumers, the State 'may not place an absolute prohibition on certain types of potentially misleading information . . . if the information also may be presented in a way that is not deceptive.'" *Id.* (quoting *In re R.M.J.*, 455 U.S. 191, 203 (1982)). Here, "there are other ways to present the information that is not deceptive. For example, if the retailer displayed information about the surcharge throughout the store and noted that the surcharge was due to merchant fees, this speech would not be misleading, but would actually be informative and accurate." *Id.* at *12. The state could not explain why a disclosure regime would be inadequate.

*Second*, the court illustrated the law's vagueness through a series of practical questions about what is and what is not illegal under the law. Such questions, the court explained, "represent legitimate concerns that retailers must face when determining whether to impose a legal dual-pricing system. And despite having access to extensive briefing from the Attorney General on the meaning of this statute and the opportunity to question counsel at the hearing on summary judgment, the answers to these questions are not clear to the Court." *Id.* at *15.

> Sincerely,
> */s/ Deepak Gupta*
> Deepak Gupta
> Counsel for Plaintiffs-Appellees

Gupta Beck PLLC
1735 20th Street, NW, Washington, DC 20009
P 202 888 1741    F 202 888 7792
guptabeck.com